IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| SITCO, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>AGCO CORPORATION,<br><br>      Defendant. | Case No. CV-05-073-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it a motion to compel filed by plaintiff SITCO. The Court finds that oral argument is not necessary to resolve this motion, and will deny it for the reasons expressed below.

## ANALYSIS

**1.**     <u>**Paragraph 1 of Motion to Compel**</u>

In Paragraph 1 of its motion to compel, SITCO seeks production of all documents,

> disclosing the gross selling price to dealers of all Valtra, Inc. Valtra Tractor sales for the years 2000 through 2004, the gross selling price to dealers for all Valtra tractors sold by Valtra tractors for the years 2002-2004, the gross selling price to dealers by AGCO for Valtra tractors for the years 2004 and 2005 to the present time and all cost of Valtra tractors

**Memorandum Decision and Order – Page 1**

sold, incremental costs thereof and profit derived therefrom for all Valtra sales by Valtra, Inc., Valtra USA, Inc., and AGCO Corporation for the years 2000-2005 to date.

SITCO failed to comply with Local Rule 37.2(a), requiring counsel filing a motion to compel to identify the request for production the answer to which counsel is seeking to compel. The Court must therefore guess about the source of the motion.

SITCO made a request for these documents in a notice for a Rule 30(b)(6) deposition. Under Rule 30(b)(5), SITCO had the right to request the production of documents at that deposition, and according to that Rule, SITCO's request would be governed by Rule 34, giving AGCO 30 days to respond.

SITCO filed the notice on November 30, 2005, giving AGCO until December 30, 2005, to file a response.[1] The problem for SITCO was that it scheduled the deposition for December 12, 2005, and the discovery deadline was December 15, 2005. This Court's Scheduling Order setting the discovery deadline stated that the discovery deadline "is a deadline for the completion of all discovery; it is not a deadline for discovery requests. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date."

---

[1] SITCO did not file any motion for expedited discovery.

**Memorandum Decision and Order – Page 2**

Putting this deadline aside for a moment, the mere fact that SITCO's document request would not fall due until weeks after the deposition was not necessarily fatal to the request – while AGCO would not be required to produce the documents at the December 12, 2005, deposition, it would still be required to produce them by December 30, 2005, under Rule 34.

But that pulls the discovery deadline back into the picture. SITCO failed to file its Rule 30(b)(5) request in a timely manner under the Court's Scheduling Order so that AGCO's response would be due on or before December 15, 2005. SITCO therefore failed to comply with the Court's Scheduling Order. The Court will not compel answers to discovery requests that fail to meet the requirements of the Court's Scheduling Order.[2]

SITCO may also be relying on other requests for the production of documents not associated with that Rule 30(b)(6) deposition. The record does contain at least some of these requests, along with extensive correspondence between the parties regarding those requests. But nowhere in these documents does SITCO make a specific request for the documents listed above that they now

---

[2] Because the depositions were being held in Atlanta, AGCO filed a motion for protective order with the federal court there, raising the issues now before this Court. That motion was never ruled upon, and the depositions have been taken. The issues raised by AGCO's motion have now moved to this Court upon the filing of SITCO's motion to compel. It is this Court, rather than the court in Atlanta, that must make the call.

**Memorandum Decision and Order – Page 3**

seek to compel AGCO to produce.

The one formal request is quite broad: "Please produce all documents and things within the possession, custody, or control of AGCO pertaining in any way to the pending motion for partial summary judgment; any interrogatory propounded by either the plaintiff or the defendant; and any request for documents propounded by either the plaintiff or the defendant."

That request is far too broad to trigger a requirement that AGCO produce the specific set of documents sought in SITCO's motion to compel at paragraph 1. SITCO did later attempt to narrow its request in a letter to AGCO's counsel dated August 9, 2005, but even this lacks specificity. For example, SITCO's demands included among other things: (1) "all sales financing documents," (2) "payment documents," (3) "dealer lists," (4) "sales levels of all Valtra dealers from 2000-2005," (5) "delivery reports," (6) "shipping documents including bills of lading," (7) "terms of payment," and (8) "bank statements and canceled checks."

These requests, addressed individually or as a group, are not specific enough to require AGCO to produce the documents that SITCO now seeks. Because the Court can find no timely-filed request for production of documents that covers the material sought in paragraph 1 of SITCO's motion to compel, the Court will deny the motion to that extent.

**Memorandum Decision and Order – Page 4**

**2.      Paragraph 2 of the Motion to Compel**

In paragraph 2 of its motion to compel, SITCO seeks "[p]roduction of all documents disclosing Valtra tractor dealers canceled by AGCO in 2004 and 2005." Again, the Court must guess about the source of this request as SITCO failed to comply with Local Rule 37.2(a).

In the August 9, 2005, letter, discussed above, SITCO requested "[i]nformation pertaining to other AGCO dealers terminated by AGCO." AGCO responded that the request was too broad, and the Court agrees. It covers all terminations for any reason for an unknown length of time. The Court refuses to compel an answer to such an overbroad request.

SITCO's counsel narrowed this request somewhat in a later letter, dated October 5, 2005, in which he stated, ungrammatically, "I still need: (1) Dealers cancelled per AGCO document AGC 000121, copy enclosed, and the dealers to which letters were sent like the letter of cancellation as per the December 22, 2004, to SITCO, copy enclosed, were sent."

This request seeks names of dealers, not documents. Yet SITCO now seeks documents – all documents associated with the terminations of other dealers in 2004 and 2005. There is no proper request made by SITCO for those documents that the Court can locate in this record. For that reason, this portion of SITCO's

**Memorandum Decision and Order – Page 5**

motion shall be denied.

3. **Paragraph 3 of the Motion to Compel**

In paragraph 3 of its motion to compel, SITCO seeks "[p]roduction of all documents disclosing litigation involving AGCO as a party for the past 5 years." Again, the Court must guess about the source of this claim.

In a letter dated October 5, 2005, SITCO made a request for "[f]ull identification of each lawsuit and each claim during the last five (5) years involving AGCO." This request does not ask for documents, although that is what SITCO is now seeking in its motion to compel.

However, even assuming that it does, it is overbroad. AGCO operates in all 50 states and internationally. The request is not limited to litigation over dealer terminations, and sweeps up all documents for all litigation within the last 5 years. This would include completely irrelevant documents flowing from litigation over everything from administrative matters to taxes.

Of course the Court could "rewrite" SITCO's request to be more reasonable, and then compel AGCO to respond to the Court's re-drafted requests. It is not the Court's duty, however, to draft discovery requests. Instead, SITCO has the duty under Local Rule 37.1 to meet and confer with opposing counsel to work out solutions to these very issues. Moreover, that Local Rule also requires SITCO to

file a notice that it engaged in that process before the Court will even entertain a motion to compel. SITCO has never filed such a notice. This provides an additional reason for denying SITCO's motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that SITCO's motion to compel (Docket No. 85) is DENIED.

DATED: **February 7, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court