IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| SITCO, INC., | ) ) | Case No. CV-05-073-E-BLW |
| Plaintiff, | ) ) | **MEMORANDUM DECISION AND ORDER** |
| v. | ) ) |  |
| AGCO CORPORATION, | ) ) |  |
| Defendant. | ) ) |  |
| _____ | ) |  |

## INTRODUCTION

The Court has before it AGCO's motion for summary judgment, SITCO's

motion to amend to add punitive damages, and two motions to strike filed by

SITCO.  The Court heard oral argument and the motions are now at issue.  For the

reasons expressed below, the Court will deny the motion to add a punitive damage

claim, grant in part the motion for summary judgment and dismiss Count Five

(Trade Secrets) but deny the remainder of that motion, and deem moot both

motions to strike.

## ANALYSIS

SITCO filed this action against AGCO claiming that AGCO improperly

terminated it as a Valtra Tractor dealer.  In an earlier decision, the Court entered

**Memorandum Decision and Order – Page 1**

summary judgment for SITCO as to liability on Count One, a claim that AGCO

violated the Idaho Farm Equipment Dealer Law, leaving for trial the issue of

damages on that claim.

While SITCO's original complaint contained four other causes of action,

SITCO agreed to dismiss Counts Two and Three, leaving claims for the breach of

the implied covenant of good faith and faith dealing (Count Four) and

misappropriation of trade secrets (Count Five).  AGCO has moved for summary

judgment on these remaining claims.  In addition, SITCO has filed a motion to

amend to add a claim for punitive damages.

## 1.    Count Four

Count Four alleges that AGCO breached the implied covenant of good faith

arising out of an "implied/oral" dealer agreement.  AGCO argues that this claim

must be dismissed because the 2002 written dealer agreement continues to govern

the parties, according to this Court's earlier decision, and thus takes precedence

over any "implied/oral" agreement.

The Court disagrees. The Court's earlier decision held that AGCO

improperly terminated the dealer agreement, not that the 2002 written agreement

continued to govern the relationship between the parties.  That agreement expired

by its own terms.  Thus, SITCO remains free to allege obligations growing out of

**Memorandum Decision and Order – Page 2**

an "implied/oral" dealer agreement.  The Court will therefore deny AGCO's

motion for summary judgment as to Count Four.

## 2.    Count Five

In Count Five, SITCO alleges that AGCO misappropriated SITCO's trade

secrets, in violation of the Idaho Trade Secrets Act, by sharing SITCO's customer

list with another dealer. The Act defines "trade secret" as "information . . .that . . .

[d]erives independent economic value . . . from not being generally known, and not

being readily ascertainable by proper means by, other persons who can obtain

economic value from its disclosure or use . . . and . . . is the subject of efforts that

are reasonable under the circumstances to maintain its secrecy." *See* Idaho Code

§ 48-801(5).

Under this definition, the customer list is not a trade secret.  The customer

list was contained in a Delivery Report that SITCO voluntarily sent on a regular

basis to Valtra without any restriction on how that information was to be used.

Indeed, there could be no restriction because AGCO, as Valtra's owner, had

warranty obligations to each customer.

AGCO also received the information from Zane Porter, a former SITCO

employee who went to work for AGCO.  He had knowledge of SITCO's customers

from his employment with SITCO, and SITCO had never imposed on him any

confidentiality obligation with respect to that information.

SITCO argues that Porter only went to work for AGCO because AGCO improperly terminated SITCO, ending Porter's employment there.  SITCO argues that AGCO should not be allowed to benefit from its improper termination.  SITCO offers no evidence, however, that Porter was coerced to go to work for AGCO and coerced to reveal the customer list.

The bottom line is that SITCO failed to protect the information, and thus it cannot constitute a trade secret under the Act.  This claim must be dismissed.

### 3.   Damages

AGCO contends that SITCO's damages on Count One must, as a matter of law, be limited to the loss of value of the business.  AGCO argues that this measure of damages is compelled by the 2002 written dealer agreement.  The Court has already held that this agreement does not continue to govern the parties, and thus will reject this argument.

AGCO cites numerous cases holding that the loss of value is the proper measure of damage.  However, none of those cases held that as a matter of law, loss of value is the only measure of damages that may be considered regardless of the circumstances surrounding the loss.  Here, SITCO has presented expert testimony that lost profits is a proper measure of damages.  That testimony, when

**Memorandum Decision and Order – Page 4**

compared to AGCO's expert testimony, creates issues of fact that cannot be

resolved on summary judgment.  There are likewise issues of fact concerning

SITCO's entitlement to prejudgment interest.  For these reasons, the Court will

deny this portion of AGCO's motion for summary judgment.

**4.      Punitive Damages**

Idaho law sets forth the procedures for alleging and proving a claim for

punitive damages.  *See* Idaho Code § 6-1604(2).  That law governs this case.

SITCO has filed a motion to amend to add a claim for punitive damages.

An award of punitive damages requires a bad act committed with a bad state

of mind.  SITCO has the burden of showing that AGCO (1) acted in a manner that

was an extreme deviation from reasonable standards of conduct with an

understanding of – or disregard for – its likely consequences, and (2) acted with an

extremely harmful state of mind, described variously as with malice, oppression,

fraud, gross negligence, wantonness, deliberately, or willfully.  *Meyers v.*

*Workmen's Auto Ins.* Co., 95 P.3d 977 (Id. 2004).

At trial, these elements must be shown by clear and convincing evidence.

*See* Idaho Code § 6-1604(1).  For purposes of this motion to amend, however,

SITCO does not need to meet this high burden – it need show only "a reasonable

likelihood of proving facts at trial sufficient to support an award of punitive

damages."  *See* Idaho Code § 6-1604(2).

In determining whether SITCO has satisfied that standard, the Court will assume the truth of SITCO's allegations.  The following recitation is therefore SITCO's version of the facts, which the Court will accept as true for purposes of determining if SITCO has carried its "reasonable likelihood" burden.

When AGCO purchased Valtra it led SITCO to believe that it would be "business as usual," when in fact AGCO had a secret plan to "close out" SITCO by the end of 2004 if SITCO refused to accept the onerous new terms of AGCO's agreement.  When SITCO refused to sign, AGCO arrogantly ignored Idaho law and refused to obtain any legal advice regarding its obligations to SITCO under the Idaho Farm Machinery Dealers Act.

AGCO eventually ceased supplying SITCO with Valtra tractors, making it impossible for SITCO to serve its customers.  This essentially forced SITCO out of business.  AGCO then entered into an informal unwritten agreement with Agri-Service, located just two miles from SITCO's location, after telling SITCO that all dealers had to have formal written agreements.

Standard legal remedies provide full recompense for the damages inflicted by AGCO's bare-knuckles approach.  To obtain the extra measure of recovery offered by punitive damages, SITCO must show a reasonable likelihood that

**Memorandum Decision and Order – Page 6**

AGCO's conduct was an extreme deviation from reasonable standards of business conduct. SITCO cannot make that showing.

AGCO drove a hard bargain, greedily seeking the best for itself, and the worst for SITCO. This conduct is common in almost every dealer termination dispute. The manufacturer gets greedy and transfers the dealership to someone who will agree to its onerous terms. If punitive damages are allowed in this case, they must be allowed in every dealership termination case.

However, punitive damages are not designed to be applied in such a widespread manner to common conduct. Idaho case law has long held that punitive damages are to be reserved for conduct that constitutes an extreme deviation from standard conduct. By definition, an extreme deviation from the norm is rare, not commonly observed. AGCO's conduct, on the other hand, is a common aggressive business practice. There is no reasonable likelihood that its conduct could be found to be an extreme deviation. The free market is a rough place. Punitive damages are not designed to remedy every rough patch in the market – that is the function of standard legal remedies. Punitive damages are reserved for only the most outrageous cases. This is not one of those cases. For that reason, SITCO's motion to amend to add punitive damages will be denied. The remainder of the motion to amend involves corrections to which there is no

objection, and will therefore be granted.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to amend

(Docket Nos. 84 and 98) are GRANTED IN PART AND DENIED IN PART.

They are denied to the extent they seek to add a claim for punitive damages.  They

are granted in all other respects.

IT IS FURTHER ORDERED, that the motion for summary judgment

(Docket No. 86) is GRANTED IN PART AND DENIED IN PART.  It is granted

to the extent it seeks to dismiss Count Five (Trade Secrets) but is denied in all

other respects.

IT IS FURTHER ORDERED, that SITCO's motions to strike (Docket Nos.

113 and 115) are DEEMED MOOT, as the Court used neither of the underlying

items against SITCO.

DATED:  **April 7, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 8**